# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-176-FDW

| | |
|---|---|
| ANTHONY LATREL PLAYER, | ) |
| Petitioner, | ) |
| vs. | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2241, (Doc. 1).[1] Petitioner has filed an Application to Proceed in District Court Without Prepaying Fees or Costs, (Doc. 2).

Petitioner pled guilty in this Court, criminal case number 3:17-cr-367-MOC, to Count (1), conspiracy to distribute and to possess with intent to distribute heroin (21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B)); Count (2), possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting the same (18 U.S.C. § 924(c)(1) and 2); Count (3), possession of a firearm by a convicted felon and aiding and abetting the same (18 U.S.C. § 922(g)(1) and 2). On August 31, 2018, the Court sentenced Petitioner to 60 months on Counts (1) and (3), concurrent, and 60 months as to Count (2), consecutive, for a total of 120 months' imprisonment. Petitioner did not appeal.

On March 22, 2019, Petitioner filed the instant petition for writ of habeas corpus pursuant to § 2241. Petitioner contends that this is not a Motion to Vacate pursuant to 28 U.S.C. § 2255

---

[1] The petition includes two copies of page 7 of 9 and is missing page 8 of 9.

1

because he is "attacking the execution of the judgment, not challenging the conviction." (Doc. No. at 4). He contends that uncharged conduct that was included in the Presentence Investigation Report and Plea agreement, *i.e.*, that a victim died as a result of the conspiracy and calculating the relevant drug amounts, are affecting his educational programming, job, and drug programming while incarcerated. (Doc. No. 1-1 at 7). He asks for an order "to remove all relevant conduct under U.S.S.G. § 1B1.3 under 18 U.S.C. §§ 2559, 3663, (or) 3663A" from line 9(A) of the plea-agreement and further dismiss[the] alleged drug quantities in line number 30 of the [PSR]." (Doc. No. 1-1 at 8).

The Court will treat the petition as one seeking habeas corpus relief under § 2241 because Petitioner has specifically denied that he is seeking relief pursuant to § 2255.[2]

A challenge to the execution of a sentence, rather than the sentence itself, must be brought pursuant to § 2241 in the district of confinement. See generally Rumsfeld v. Padilla, 542 U.S. 426 (2004) (claim that challenges the present physical confinement must be filed in the district of confinement); see United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989) ("A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court."); see also United States v. Vance, 563 Fed. Appx. 277, 278 (4th Cir. 2014) ("A prisoner wishing to challenge the BOP's computation or execution of a federal sentence may do so via a petition for a writ of habeas corpus under 28 U.S.C. § 2241 . . . in the district of his confinement following exhaustion of available administrative remedies.").

Petitioner is confined at the Fort Dix East Federal Correctional Institution Fort Dix, New

---

[2] Petitioner is cautioned that post-conviction proceedings for relief from a criminal conviction and/or sentence are governed by timeliness and procedural requirements. See, e.g., 28 U.S.C. § 2255.

2

Jersey. Because Petitioner's district of confinement is the District of New Jersey, this Court will transfer the petition to the United States District Court for the District of New Jersey.

**IT IS, THEREFORE, ORDERED** that

1. This action is transferred to the United States District Court for the District of New Jersey.

2. The Clerk of Court is instructed to close this case.

Signed: May 3, 2019

Frank D. Whitney
Chief United States District Judge